IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1533-BN |
| GUARDIAN OIL & GAS, INC., ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

Defendants Guardian Oil & Gas, Inc. ("Guardian"), Guardian Oil & Natural Gas, Inc. ("GONG"), and Rick D. Mullins have filed a Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) Motion to Dismiss. *See* Dkt. No. 8. Plaintiff Securities and Exchange Commission ("S.E.C.") has filed a response, *see* Dkt. No. 9, and Defendants have not filed a reply, and their extended time to do so has passed, *see* Dkt. No. 14.

For the reasons explained below, Defendants' 12(b)(6) and 12(b)(1) Motion to Dismiss [Dkt. No. 8] is DENIED.

## Background

On April 25, 2014, Plaintiff S.E.C. filed its complaint against Defendants Guardian, GONG, and Rick D. Mullins for violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5]. *See* Dkt. No. 1.

Plaintiff's complaint alleges that Guardian is a privately held non-operating oil and gas exploration and development company that is managing partner of limited partnerships formed to raise money from the sale of securities in the form of partnership interests to acquire working interests and net revenue interests in oil and gas exploration projects. The complaint alleges that GONG was established in 2010 and was managing partner of limited partnerships formed to raise money from the sale of securities in the form of partnership interests to acquire interests in oil and gas exploration projects and that Mullins is the president, chairman, and co-founder of Guardian and served as director and president of GONG in 2013.

According to the complaint, between August 2010 and June 2012, Guardian and GONG established a separate limited partnership for each of their respective oil and gas prospects, and Defendants told investors that these partnerships were formed to acquire a portion of the working and net revenue interests in specific wells. Plaintiff alleges that, for each limited partnership, Mullins created a private placement memorandum ("PPM") in which he described the details of that partnership's oil and gas project, including the potential benefits and risks related to that project.

The complaint alleges that, from August 2010 through May 2013, Mullins, through Guardian and GONG, raised approximately $6.5 million by selling partnership interests in oil and gas programs operating in Texas and Louisiana. Plaintiff contends that Guardian and GONG, both controlled by Mullins, served as managing general partners in the respective drilling programs and that Defendants made numerous false representations and omissions to investors. Plaintiff claims that Defendants falsely

represented to investors that their contributions would be used solely for the specific drilling project that they invested in and that Defendants did not disclose cash-flow problems, deteriorating financial conditions, intermingling investor funds, using investor funds to pay unrelated expenses, and not owning an interest in the drilling project they sold to investors.

Defendants filed a Rule 12(b)(6) and 12(b)(1) Motion to Dismiss, asserting that Plaintiff's complaint fails to plead with Federal Rule of Civil Procedure 8's required plausibility and Federal Rule of Civil Procedure 9(b)'s required specificity and fails to plead facts sufficient to support scienter. *See* Dkt. No. 8. Defendants also assert that, if Plaintiff alleges that the participants received, agreed to, and relied on Defendants' PPM, this Court lacks subject matter jurisdiction, warranting dismissal under Rule 12(b)(1). *See id.*

### Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523. On a factual attack, however, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a

preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523.

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim on which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Rule 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a

cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss," under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

## Analysis

### A.      Plaintiffs' allegations of covered securities do not warrant dismissal.

Defendants argue that the Court lacks subject matter jurisdiction because general partnership interests are not included within the broad definition of securities under the Securities Act and the Exchange Act and because Defendants' partnership interests allowed investors to choose their participation whether as a general partner, a limited partner, or a general partner with an option to convert to a limited partner. Defendants' claim that their unique partnership form negates federal subject matter jurisdiction lacks legal support, and the Court concludes that it has subject matter jurisdiction over Plaintiff's complaint and that this ground for Defendant's motion to dismiss fails.

As noted above, subject matter jurisdiction challenges take two forms: (1) facial attacks that question whether a plaintiff has sufficiently alleged the existence of subject matter jurisdiction, and (2) factual attacks that challenge whether subject matter exists regardless of the pleadings and matters outside the pleadings may be

reviewed. Defendants are not making a facial challenge, and Plaintiff has adequately pleaded the existence of subject matter jurisdiction under the Securities Act and the Exchange Act. *See* Dkt. No. 1 at 2-5.

At first glance, Defendants appear to challenge subject matter jurisdiction on factual grounds, but their claim is really an attack on the merits of Plaintiff's claim. Defendants argue that the PPMs at issue in the complaint do not constitute securities as defined by the Securities Act and the Exchange Act. That is, Defendants question whether the Securities Act and the Exchange Act apply to the financial instruments at issue.

But the Fifth Circuit "has held that a question of whether certain transactions are securities within the meaning of the federal securities laws should not be determined on a motion to dismiss for lack of subject matter jurisdiction unless the complaint fails to meet the standards of *Bell v. Hood*." *Meason v. Bank of Miami*, 652 F.2d 542, 547 (5th Cir. 1981) (en banc). Here, the Court concludes that Plaintiff's complaint does not fail to meet that standard – that is, this is not an instance in which any of Plaintiff's claims "has no plausible foundation" or "is clearly foreclosed by a prior Supreme Court decision" – and so "the proper course is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of [Plaintiff's] case." *Id.* (internal quotation marks omitted).

Plaintiff alleges that the interests that Defendants offered and sold were limited partnership interests that are securities as that term is defined under the federal

securities laws. *See* Dkt. No. 1 at 3. Plaintiff's complaint further asserts allegations to describe the circumstances surrounding the alleged securities investments at issue. *See id.* at 4. If these allegations are true as alleged, Plaintiff has made out a plausible assertion that the instruments at issue are covered by the federal securities laws, where the Fifth Circuit has held that "[l]imited partnership interests may be considered a security within the statutory definition." *Youmans v. Simon*, 791 F.2d 341, 346 (5th Cir. 1986).

Defendants take issue with Plaintiff's allegations and make contrary factual assertions themselves, without coming forward with any evidence. That is, Defendants assert that the PPMs permitted investors may participate as general partners and that, "[t]o the extent the interests offered in this case are participations in what could [] be viewed as a general partnership, dismissal for lack of subject matter jurisdiction is appropriate." Dkt. No. 8 at 27.

The Court disagrees with the conclusion that Defendants press. Defendants' assertions regarding investors' choice under the PPMs, even if factually credited in this context, do not render Plaintiff's claims under the federal securities laws without any plausible foundation or clearly foreclosed by a prior Supreme Court decision. As Plaintiff notes, Defendants contend that somehow the ability to choose whether to be a general or limited partner at the outset takes all of Defendants' offerings out of the realm of securities law, even as to the interests of investors who chose to be limited partners. *See* Dkt. No. 9 at 20. Defendants' vague and unsupported theory of dismissal

is not a proper Rule 12(b)(1) argument for lack of subject matter jurisdiction but rather is direct attack on the merits of Plaintiff's case.

And it is one that Defendants are making not by accepting as true and taking on all well-pleaded facts, viewing them in the light most favorable to Plaintiff, to determine if Plaintiff's complaint has pleaded enough facts to state a claim to relief that is plausible on its face. Rather, Defendants simply assert contrary or contravening facts and ask the Court to accept those facts and disbelieve Plaintiff's factual allegations. That is not a proper basis for granting a Rule 12(b)(6) motion to dismiss, as to which the Court cannot look beyond the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Accordingly, Defendants' motion to dismiss on the ground that the interests at issue are not included within the broad definition of securities under the Securities Act and the Exchange Act fails, and the resolution of that issue on the merits must await another day.

**B.     Plaintiff's complaint satisfies the governing pleading requirements.**

Defendants also assert that Plaintiff's complaint fails to satisfy the requirements of Rules 8(a)(2) and 9(b), compelling dismissal of Plaintiff's Section 17(a), Section 10(b), and Rule 10b-5 claims. But the Court concludes that Plaintiff has satisfied Rule 8(a)(2)'s short-and-plain-statement requirement and Rule 9(b)'s particularity requirement for fraud claims.

First, Defendants assert that Plaintiff has failed to provide the newspaper items

of who, what, when, where, and how as Rule 9(b) requires. The Court disagrees with this assertion and concludes that Plaintiff's complaint satisfies Rule 9(b)'s pleading requirements. Under Fifth Circuit law, Rule 9(b) requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *See Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). Plaintiff's complaint identifies Mullins, Guardian, and GONG as "who" and describes their alleged misconduct – the "what, when, where, and how" elements – misleading investors between August 2010 and June 2012 through misrepresentations in Guardian's and GONG's PPM that were drafted by Mullins. *See* Dkt. No. 1 at 3-9.

Defendants also allege that Plaintiff's complaint improperly lumps together factual contentions against all Defendants. The Court disagrees. Plaintiff's complaint does not conflate allegations without distinguishing Defendants. *See id.* This is not an instances, as in *Bradley v. Phillips Petroleum Co.,* 527 F. Supp. 2d 625 (S.D. Tex. 2007), on which Defendants rely, of blurring allegations against several dissimilar defendants. And, even where Plaintiff's allegations may cover multiple defendants, the complaint adequately describes the nature of each Defendant's relationship to the scheme and identifies each Defendant's role in the alleged fraud. *See Steiner v. Southmark Corp.,* 734 F. Supp. 269, 274 (N.D. Tex. 1990).

Instead of attacking Plaintiff's failure to state a claim as required of a Rule 12(b)(6) motion to dismiss, Defendants' motion to dismiss then attacks the strength of

Plaintiff's evidence in three areas: (1) cash flow and financial condition; (2) use of funds; and (3) lies to investors. Defendants rely on matters outside of the pleadings – uncited and not provided to the Court – to support their motion to dismiss. As explained above, that is not a proper basis for a Rule 12(b)(6) motion, and the Court will not incorporate any matters outside of the pleadings – which have not been presented to the Court – and will not, under these circumstances, convert Defendants' motion to dismiss into a motion for summary judgment. *See generally* FED. R. CIV. P. 12(d); *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988).

Insofar as Defendants' motion argues that Defendants did not actionably conceal their allegedly worsening financial condition because "each and every PPM included a provision pointing to the possibility of such a problem," Dkt. No. 8 at 15, Defendants' motion also fails. In support of this argument, Defendants reproduce language common to all of their PPMs disclosing that "it is possible that a significant financial reversal for the Managing Partner could impair its ability to meet its obligations to the Partnership and adversely affect the value of the Units" and that "[t]he Managing Partner's net worth may not be sufficient to meet its obligations to the Partnership." *Id.* at 16. Even assuming these disclosures can properly be addressed on a Rule 12(b)(6) motion, Plaintiff has pleaded that, notwithstanding any disclosures warning of possible events, Defendants knew of their own dire financial condition at the relevant times alleged. *See* Dkt. No. 1 at 6. In light of these allegations, the adequacy-of-disclosure issue presented here is inappropriate for resolution by a Rule 12(b)(6) motion to

dismiss. *See Rubinstein v. Collins*, 20 F.3d 160, 170-71 & n.41 (5th Cir. 1994).

**C.      Plaintiff's complaint adequately alleges scienter.**

After attacking the strength of Plaintiff's evidence, Defendants then argue that Plaintiff has raised three separate mental states – intentional conduct, recklessness, and negligence – that conflict with each other and that Plaintiff has failed to plead facts sufficient to support any mental state. This basis for dismissal fails.

First, Defendants incorrectly argue that the heightened pleading standards for scienter in the Private Securities Litigation Reform Act ("PSLRA") apply to the Plaintiff's complaint. The PSLRA requires private plaintiffs, not the S.E.C., to plead facts giving rise to a strong inference of scienter, and the PSLRA's heightened pleading standard does not apply to S.E.C. civil enforcement actions. *See S.E.C. v. Kornman*, 391 F. Supp. 2d 477, 494 (N.D. Tex. 2005).

Although Rule 9(b) does impose heightened pleading requirements, it does allow allegations of mental state to be pleaded generally. *See* FED. R. CIV. P. 9(b). To satisfy the scienter requirement of a cause of action under Section 17(a)(1), Section 10(b)(5), or Rule 10b-5, Plaintiff's complaint must raise a reasonable inference of intentional conduct or severely reckless conduct. *See S.E.C. v. Reynolds*, No. 3:08-cv-384-B, 2008 WL 3850550, at *6-*7 (N.D. Tex. Aug. 19, 2008). And, here, Plaintiff's complaint has adequately pleaded that Defendants acted with scienter under either standard by which it may be satisfied. For example, as Plaintiff notes in response to Defendants' motion to dismiss, the complaint alleges that Mullins controlled Guardian and GONG

and drafted their PPMs; Defendants actively concealed their financial difficulties in their PPMs; Defendants minimized their financial difficulties by labelling them possible future events; Mullins and Guardian solicited funds for the Bull Moose prospect but spent the funds on unrelated matters; Mullins and Guardian concealed their misuse of Bull Moose investor funds by trying to obtain an interest in Bull Moose; Mullins and Guardian solicited additional funds for well-deepening, sent those funds to Bull Moose operators, and failed to disclose that those funds were rejected; Mullins lied to Bull Moose investors and blamed poor financial performance on a non-producing well; and Mullins and Guardian swapped Bull Moose investors' partnership interests with another well without disclosing their misuse of investor funds. *See* Dkt. No. 9 at 12 (citing Dkt. No. 1). Further, Plaintiff is under no obligation to plead only one possible basis for meeting the scienter requirement. *See generally* FED. R. CIV. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

Defendant also confuses negligence with scienter where negligence is conduct, not a state of mind. To plead violations of Sections 17(a)(2)-(3), Plaintiff is not required to provide any evidence on mental state but only unreasonable conduct (negligence). *See Aaron v. S.E.C.*, 446 U.S. 680, 702 (1980); *S.E.C. v. Seghers*, 298 F. App'x 319, 327 (5th Cir. 2008). And the same allegations may be used to support both a finding that

Defendants acted with scienter and that their actions were negligent. Because Section 17(a)(2) and (3) claims do not require mental state be pleaded or proved, and because the complaint more than adequately alleges facts giving rise to an inference that Defendants' conduct was negligent, Defendants' motion to dismiss fails on this ground as well.

**D.     Plaintiff's prayer for an injunction is not subject to dismissal.**

Defendants further ask the Court to dismiss Plaintiff's prayer for a so-called obey-the-law injunction as being overly broad. This request for dismissal is also denied.

First, Defendants' request is not appropriate in a Rule 12(b)(6) motion to dismiss because Defendants cannot allege that Plaintiff's requested form of relief fails to state a claim. Also, it would be premature to dismiss Plaintiff's request for injunctive relief as no fact-finding has taken place, and a motion to dismiss requires the Court to accept the truth of the allegations set forth in the complaint.

Moreover, the court is not persuaded by Defendants' reliance on *S.E.C. v. Goble*, 682 F.3d 934 (11th Cir. 2012). Although Defendants argue that *Meyer v. Brown & Root Construction Co.*, 661 F.2d 369 (5th Cir. 1981), shows that the Fifth Circuit would adopt *Goble*'s reasoning, the Fifth Circuit's subsequent decisions explained that *Meyer* "did not hold that injunctions that order a defendant to obey a specific law are problematic." *Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez)*, 695 F.3d 360, 369 (5th Cir. 2012); *see also United States v. Campbell*, 897 F.2d 1317, 1324 (5th Cir. 1990) ("A permanent injunction against future violations of a statute is permitted

because such merely requires the enjoined party to obey the law."). Even *Meyer*, by that decision's own terms, permits an obey-the-law injunction so long as it is "framed so that those enjoined will know what conduct the court has prohibited." 661 F.2d at 373.

## Conclusion

Defendants' 12(b)(6) and 12(b)(1) Motion to Dismiss [Dkt. No. 8] is denied.

SO ORDERED.

DATED: December 23, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE